**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| ARTHUR ADAMS | ) | FILED: AUGUST 7, 2008 |
| | ) | 08CV4452 |
| Plaintiff, | ) | Case No. JUDGE HOLDERMAN |
| | ) | MAGISTRATE JUDGE NOLAN |
| v. | ) | |
| | ) | |
| DODGE OF ANTIOCH INC. | ) | JFB |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Arthur Adams, complains against Defendant, Dodge of Antioch Inc. as follows:

1.     This case involves odometer fraud and the sale of a rebuilt wreck for a consumer automobile.  Dodge of Antioch Inc. unfairly and deceptively induced Plaintiff into purchasing a vehicle to which it knew or should have known was rebuilt and the odometer had to have been estimated as a result.  During its scheme, Defendant misrepresented information required to be disclosed to Plaintiff by the Federal Odometer Act.  Defendant used a fraudulent "Odometer Disclosure Statement" and failed to assert the milage was estimated in order to conceal the history of the vehicle.   In this action, Plaintiff demands a jury and also seeks redress for Defendant's violation of the Illinois Vehicle Code, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

## JURISDICTION AND VENUE

2.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331, and 49 U.S.C. §32710. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C.

§ 1367.

3.      Plaintiff is a resident of Chicago Illinois.

4.      Defendant Dodge of Antioch Inc. is an Illinois corporation that transacts business in Antioch Illinois.  Its registered agent is Philip L. Mandell, 39 S. LaSalle Suite 1220, Chicago, Il. 60603.

5.      Venue is proper in this district because the acts and transactions that give rise to this cause occurred, in substantial part, in this district.

*FACTS*

6.      On July 2, 2007, plaintiff purchased from defendant a used 2001 Chevrolet Cavalier VIN# 1G1JC524617207714.

7.      At the time of sale Dodge of Antioch provided an odometer statement to Mr. Adams attesting that the actual milage was 88,136 miles.  This was an inaccurate disclosure.

8.      Mr. Adams on the odometer statement that defendant provided as an accurate representation of the milage on the vehicle.

9.      Dodge of Antioch did not check the box on its Odometer disclosing that the odometer was an estimate and there may be an odometer discrepancy.

10.     Dodge of Antioch did not show plaintiff the Certificate of Title when he purchased the vehicle, which would have shown the vehicle was rebuilt and the milage was not actual mileage.

11.     On April 20, 2008, plaintiff's vehicle was parked when a 2007 Hummer jumped a curb and struck his vehicle.

12.     As a result of the accident, his insurance company, AIG, had the vehicle

inspected.

13.     AIG discovered that the title to the vehicle was branded as a salvage title and discovered the vehicle was previously declared a total loss and rebuilt after a former automobile collision.

14.     AIG's investigation also showed the odometer was broken as a result of the accident.

15.     On May 7, 2008, AIG cancelled plaintiff's insurance policy for physical damage to the vehicle as its underwriting policy does not cover vehicles with salvaged titles.

16.     Plaintiff's finance company, Fifth Third Bank, subsequently forced placed insurance on the vehicle at a higher rate then he was paying AIG..

17.     Plaintiff could not have discovered the violation until this point as defendant specifically concealed its fraud from her by submitting a false odometer disclosure as well as not showing him the Certificate of Title.

18.     As a result of defendant's concealment of the true milage any statute of limitations period should be equitably tolled until plaintiff discovered the fraud.

## COUNT I
### *Violation of the Federal Odometer Act*
### *[Disclosure of False Milage with the Intent to Defraud*]

19.     Plaintiff incorporates by reference the allegations of paragraphs 1-18 as though set forth more fully in this count.

20.     Defendant provided Plaintiff with a false odometer statement, in violation of the Federal Odometer Act, 49 U.S.C. 32701 et seq.

21.     The conduct of the Defendant in providing a false odometer statement was

done with intent to defraud, and constituted a violation of the Federal Odometer Act.

22.     Defendant violated this statute with the intent to defraud Plaintiff because Defendant knew or should have known that the mileage disclosure was false and Defendant dealer was trying to deceptively sell the vehicle to Plaintiff and was violating federal law in an attempt to sell the vehicle.

23.     An accurate disclosure was material to Plaintiff's decision to purchase the car.

24.     As a proximate result of Defendant's breach of the federal odometer statute, Plaintiff suffered actual damages and the car's value is substantially impaired as a result and plaintiff is driving an unsafe vehicle.

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against Defendant and award:

(A)     Statutory damages of $1,500, or treble actual damages, whichever is greater, under the 49 U.S.C. § 32710(c);

(B)     Costs and attorney fees; and

(C)     Any other relief the Court deems just and appropriate.

## COUNT II
### *Violation of the Federal Odometer Act*
### *[Violation of Placement Requirement and Procedure*
### *and Use of Deceptive Odometer Disclosure Statement Procedure]*

25.     Plaintiff incorporates by reference the allegations of paragraphs 1-18 as though set forth more fully in this count.

26.     Under federal law, Defendant was required to provide Plaintiff with an odometer disclosure on the title to the car which it was selling on July 2, 2007.

27.     Defendant violated  the placement requirement of the Vehicle Information and Cost Saving Act because it did not use the title as the document to disclose the odometer mileage to Plaintiff.

28.     Defendant's violations were done with the intent to defraud.

29.     Defendant concealed title information from Plaintiff.

30.     Defendant substituted its own disclosure procedures.

31.     Defendant substituted its own procedures in violation of federal law in order to further its scheme to conceal the actual miles of the vehicle.

32.     Defendant knew, or should have known, of the Federal Odometer Act and its requirements regarding disclosure.

33.     Rather than disclose the mileage on the title as required, Defendant used a form called an "Odometer Disclosure Statement."

34.     Defendant made false disclosures on that document.

35.     Defendant did not check the "not actual milage" box as required.

36.     Defendant misrepresented the mileage on the Odometer Disclosure Statement with an intent to defraud Plaintiff.

37.     Plaintiff suffered actual damages as a result of the violation because he was deprived of material information that would have been provided by the title and accurate information.

38.     Defendant never would have bought the car if he had the accurate information about vehicle history including the mileage of the car and that it was rebuilt.

39.     Had Plaintiff been shown the actual title document as required by the law,

Plaintiff would have received the material information alleged herein.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against

Defendant and award:

(A)    Statutory damages of $1,500, or treble actual damages, whichever is greater, under the 49 U.S.C. § 32710(c);

(B)    Costs and attorney fees; and

(C)    Any other relief the Court deems just and appropriate.

### COUNT III
### *Violation of the Illinois Motor Vehicle Code*

40.    Plaintiff incorporates by reference the allegations of paragraph 1-18 as

though set forth more fully herein this count.

41.    At all times relevant there was in full force and effect in the State of Illinois

a statute more commonly known as the Illinois Vehicle Code, 625 ILCS 5/3-112.1, which states in

pertinent part:

> When the transferor signs the title transfer such transferor acknowledges that he or she is aware that Federal regulations and State law require him or her to state the odometer mileage upon transfer of ownership. . . . A cause of action is hereby created by which any person who, with intent to defraud, violates any requirement imposed under this Section shall be liable in an amount equal to the sum of:
>
> (1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and
> (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court.

42.    Defendant provided Plaintiff with a false odometer disclosure in that the

odometer was previously broken and any stated milage was at best a close guess or at worse a made

up number.

43.    The conduct of the Defendant in providing a false odometer statement was done with intent to defraud, and constituted a violation of Illinois Vehicle Code, 625 ILCS 5/3-112.1.

44.    Defendant violated this statute with the intent to further its scheme to deceptively sell Plaintiff a vehicle.

45.    An accurate odometer disclosure was material to Plaintiff's decision to purchase a car. As a proximate result of Defendants' breach of the Illinois Vehicle Code, Plaintiff suffered actual damages and in an amount to be proven at trial.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against Defendant and award:

(A)    Treble actual damages or $1500, whichever is greater, under 625 ILCS 5/3-112.1

(B)    Costs and attorney fees; and

(C)    Any other relief the Court deems just and appropriate.


### COUNT IV
*Violations of the Consumer Fraud and Deceptive*
*Business Practices Act, 815 ILCS 505*

46.    Plaintiff realleges and incorporates paragraphs 1 through 18 into this count.

47.    Defendant concealed material information about the milage history of the vehicle, which materially effected the value of the vehicle.

48.    Plaintiff would have never bought the vehicle if he knew that the odometer had been broken, the milage was estimated and the vehicle was considered a total loss as a result of

a previous accident, but had been rebuilt.

49.    Defendant knew or should have known that the vehicle's odometer was a rolled back and the vehicle was rebuilt as it had access to the title and/or reports that showed the proper mileage.

50.    This concealment of information by Defendant occurred in the course of trade and commerce.

51.    Defendant concealed this material information with the intent that Plaintiff rely on the concealment.

52.    Plaintiff was damaged as a proximate cause of this concealment because he was fraudulently induced into purchasing a car that he otherwise would have never purchased and the value of it has been severely effected by the odometer tampering and that it was rebuilt.

53.    The concealment made by Defendant was willful or intentional and done with evil motive or reckless indifference to the rights of others.

54.    The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally.  Consumers have a right to know the true millage of the vehicle sold.  Defendant's intentional concealment on information regarding the history of the vehicle was unfair, deceptive and violated public policy.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant and award damages as follows:

(A)    Actual damages in an amount to be proven at trial;

(B)    Punitive damages in an amount sufficient to deter Defendant and punish it for its actions as to plaintiff;

(C)     A declaration that this conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act.

(D)     Reasonable attorney fees and costs; and

(E)     Any such other relief the court deems appropriate.

## COUNT V – NEGLIGENCE

55.     Plaintiff incorporates ¶¶ 1-18.

56.     Defendant owed plaintiff a duty to(1) to disclose the title to plaintiff (2) disclose the true milage of the vehicle and (3) disclose the fact that the vehicle was rebuilt to plaintiff.

57.     Defendant breached these duties.

58.     Plaintiff suffered damage as a proximate result of defendant's actions as the vehicle he purchased is worth less then an identical vehicle without its odometer rolled back or without it being rebuilt.

WHEREFORE, Plaintiff, asks that this Court enter judgment in his favor and against defendant and award damages as follows:

(A)     Actual damages in an amount to be proven at trial;

(B)     Any such other relief the court deems appropriate.


Respectfully Submitted,
Arthur Adams, Plaintiff


By: /s/ Keith J. Keogh
His Attorney

-9-

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, Il 60606
312.726.1092
312.726.1093 (fax)
Keith@KeoghLaw.com

**JURY DEMAND**

Plaintiff demands trial by jury.

_/s/ Keith J. Keogh_
Keith J. Keogh